Good morning and aloha. My name is Pamela Byrne. I'm from the District of Hawaii. I represent Mr. Cliatt. In this case, which appears to be a case of first impression, the court ordered that the defendant, who had stabbed his wife, pay restitution to Tripler Army Medical Center. The wife is still, and was at the time, a member of the Army Armed Services. She was in active duty. They lived in military housing, and her recovery and treatment were all covered by the fact that she was a military member. Initially, the government did not request restitution, but the pre-sentence report, probation officer who drafted the document suggested, and later it came to pass, restitution was ordered. The government then, after the probation officer recommended this, the government's position was that Tripler Army Medical Center was a victim, direct and proximate. Later, when the brief was written, the government kind of pulled away from that position, that Tripler Army Medical Center was a victim of the crime, and instead referenced the statute, which said that it doesn't matter if Tripler is a victim or not. What matters is whether or not the actual victim, Mrs. Cliatt, received compensation from insurance or any other source with respect to restitution. Counsel, looking at Section 3663A, which is the mandatory restitution section. Big A. I'm sorry? I'm sorry. The big A or the little A? Big A. Okay. But specifically looking at the subsection little A-2, which deals with offenses resulting in bodily injury, where it starts out in the case of an offense resulting in bodily injury to a victim. Yes, I'm sure you have that. I do somewhere. I'm familiar with that section. So let me just walk through this and have you tell me what's wrong with my thinking on this. All right. Clearly the wife who got stabbed is a victim. Yes. And clearly that was bodily injury. Yes. So we're under this subsection with respect to her. Now, the order of restitution is to require the defendant to pay an amount equal to the cost of necessary medical and related professional services, et cetera. Not pay to her, but pay an amount equal to the cost. And that seems, at least to me, significant in that once you have injured someone, physically injured them, you have to pay up the costs of this, even if it's not borne by the victim. What's wrong with that reading? And if that's correct, then what's wrong with the order of restitution? Well, the statute goes on to reference section, again, as I said, this is a lot like algebra to me, section 3664J1, which provides, in relevant part, that if a victim has received compensation from insurance or any other source with respect to the loss, the court shall order that restitution be paid to that person. I'm not talking about that section. That's precisely what I don't want to talk about, because it seems to me that you never get to 3664 under the way that I'm reading 3663A. In other words, you're reading a section that says if the person has been reimbursed, which isn't the case here. Right. That is what the government... But the original statement of required restitution says if you've hurt somebody, you have to pay an amount equal to the cost of their care. It doesn't say who has to pay for that care. It would appear that anybody paying for that care, you still have to pay for the cost of that care. What's wrong with that reading of the statute? I don't think that is the correct reading of the statute. Then why not? Because I think the statute isn't clear. I think the question is when it says pay an amount equal to the cost of necessary medical and related professional services, the issue is the cost to whom. Ordinarily, under all the previous case law, that has been interpreted as the cost to the victim. And then lately, it has been interpreted to be the cost to the insurer. And now it is being extended to this situation in which someone who's in the Army, whose military care is paid for by the Army hospital, who is not out-of-pocket anything. The Army hospital, the workers there would have been working whether or not she had been injured. Now we're extending it to this third entity, which is the government. Well, it isn't us extending it. My point, I guess my question is, why did Congress phrase it in this indirect way, to say you pay the costs, rather than to say you pay the victim for her expenses? It doesn't say that. Well, I don't know. Why can't we interpret this as Congress being broadly interested in making sure wherever that cost rests, it's the defendant who bears it? Because this particular statute, this section that you've cited precisely, is affected by the interplay of all the other statutes. This 3663 Big A is interplayed with 3663 Little A, and all of it is enforced and issued in accordance with Section 3664. I don't know. If you start reading the plain language of this statute, 3663 Big A, 2, when they define the victim and talk about the plea agreement, talks about this section. That may or may not be clear whether they mean they're confining it just to Section Little A, 1, 2, 3. Then B talks about what's in the order of restitution, and I guess it seems to me that where it says pay an amount equal to the cost of necessary medical and related professional services, that that is saying that this is what the order of restitution must require, that the defendant pay the cost of this necessary, I guess, damage that flowed from his action. But there's nothing in that section that says who the money must be paid to. There's nothing that says where, who you give that money to. That's right. That's why we have to look at the history of the statute, the interplay of the rest of the language of the statute, and look at what the end result is, which is that a defendant is required to reimburse the Army for medical costs. What the Court is assuming, and I think it's an interesting issue, is that where the Court seems to be of violence, then someone, the defendant shall pay somebody. But I don't think that's what the case law says, and I don't think... Don't pay somebody the cost of necessary medical services. Why? That seems unremarkable. Well, then I guess we can't go much further, because... Well, let me ask you from a different direction. Would you be objecting if the district court had ordered that the defendant pay the cost of the necessary medical services to the victim of the bodily injury in this case? If she had sought services and had to pay for those services, no, I would not object. Well, why does it make any difference whether she had to pay for them or the hospital the victim? Couldn't the hospital then come after the victim and say, we want this money back because you're unjustly enriched? We provide these services, we incur these costs, so you should pay us this amount. Well, there is a civil statute, which I have cited, which directly covers that situation, and in fact also covers the situation of the defendant paying for that. There is a... I forget the acronym, but... Hang on. The Federal Medical Care Recovery Act is a separate vehicle to recover money from third parties for medical services rendered by government and military hospitals. What the court is doing is taking this particular language out of context and not looking at the rest of the language of the statute. There have only been three cases that either the government or I could find in the entire United States that have ever done anything close to this to wit ordering a person that is not a direct and proximate victim of the offense to pay, a person that is not an insurer. One of those cases was the FBI who was... The defendant was ordered to reimburse the FBI for relocation. One instance was... I actually can't recall the other one right now, but it's not usual for restitution to be ordered to be paid under these circumstances. Despite that... But not usual doesn't mean it's not authorized by Congress. Well, the court ordered the restitution to be paid on the... I've got to stop. Restitution to be paid on the grounds that the tripler was a direct and proximate, that the tripler was a victim. Well, let me ask you this more general question then. I want you to assume for the sake of this question that the analysis that I propose to you is a correct analysis, that tripler need not be the victim, that 366A sub whatever it was, directly authorizes it without looking at tripler as a potential victim. Would we be able to affirm the district court on that basis on this record? In other words, can we affirm the district court for a different reason than it gave if all the facts are here? I think you can under the law. I had prepared... Yes, I think you can. But I think you need, with all due respect, to look at Section 3664, which is an aspect of the statute that we've just been discussed. And the issue would then become whether or not the victim has received compensation from tripler. And my argument is that she has not received compensation from tripler or from any other source with respect to her loss. But I've quite passed my time. I'll let the government speak. Thank you. We will restore some in about all time since we took a lot of your time with questions. Good morning, Your Honor. It's Les Osborne from the District of Hawaii for the United States. In reply to the last question I heard before I came here, I think, Your Honor, that there is no difficulty under the Valencia case that we cited to affirm the district court's ruling for any reason which would support it being affirmed. I would also point out that there are cases in the Ninth Circuit in which the insurer has been found to be the victim, and we've cited those in our brief. Congress here... You're urging us to affirm on the grounds that the district court gave. Yes, Your Honor. I'm not asking you to do that. I'm saying that you clearly could do that. You don't need to affirm on that ground. You can affirm on any ground which is supported. And the analysis the court has offered of 3663 clearly supports affirming the district court's decision here. Congress wanted insurance companies who reimburse for the cost of medical care to be covered by this act. It's clear from the congressional intent which we have cited that that was their purpose. And if the court were not to follow that line of reasoning, we would be left with the nonsensical position of someone assaulting an individual who has no insurance of any kind being ordered to pay restitution. Counsel, the hospital is not an insurance company. Does the hospital have any subrogation right under Hawaii law? No, Your Honor. Not to my knowledge. I am not a civil lawyer. So you have no other legal recourse against somebody who has forced the hospital to care for a member of the armed services? That's the position we have taken in the brief, Your Honor, though there is the statute that orders it. Are you suggesting that the hospital stands in the same position as an insurance company? Yes. The United States is self-insured for this purpose. It is a condition of your reimbursement. And so is that your position? Is your position that because the United States is self-insured, that it is entitled to restitution under 3663A or under 3664J1? J1, Your Honor. 3664J1. Okay. And does 3663A have any bearing on this case, then? 3664 provides the form of restitution, the procedure to be followed now under both 3663 and 3664. However, the old 3663 provision was subsumed into 3664 when 3664 was enacted. And the legislative history, again, specifically says that that was Congress's intent. And you're reading J1, then, as that Ms. Cleod has received compensation from insurance? From any source. Any person who compensates from any source is reimbursed. And in this case, as part of her pay as a military member, the United States paid her medical costs. You're interpreting, then, that the word compensation is including all services in kind. Correct, Your Honor. And the clear input of the statute requires the compensation that was ordered by the district court. I think the Sunroads case, which is out of the Tenth Circuit, shows how 3663 was interpreted even before the new scheme. In Sunroads, we had a gentleman who was living on an Indian reservation who suffered injury. And the medical payments were ordered repaid to the Indian IHS, whatever that stands for, an Indian agency. And the restitution was ordered made. In the FBI case that I think counsel mentioned, in that case, the FBI relocated a person. There was no injury to that person. There had been threats, but he was relocated in order to avoid injury. And in that case, restitution was ordered. In every situation that's reported, except the one case the counsel mentioned in their brief of Follett, restitution has been approved where the courts have ordered it. And the Follett case is totally different from our case because it involves another statute, a totally different statute relating to sexual assaults. And in the Follett opinion, which is a Ninth Circuit case, the court opines that it is refusing to allow restitution. But had this case been under 3663, there would have been an entirely different result. Restitution would have been appropriate. But, counsel, as I recall in Follett, we also said that 3664J1 was purely procedural and we would have to look for substantive content in some other statute. Now, if that's correct, then how do you square that with your answer to me just a minute ago that 3663A has nothing to do with this case? Your Honor, I didn't mean to imply it has nothing to do with the case. 3663 and 3664 both authorize the payment. 3664 did not abandon 3663 or repeal it. It sets up a statutory scheme for restitution to be paid either under the old Victim Protection Act or under the new one. It simply the 3664 section simply sets up the fashion under which payment will be ordered and made. Well, it uses the words issued and enforced. I'm sorry, Your Honor. Section 3663A uses the words under subsection D that any payments made or authorized pursuant to section 3663A shall be issued and enforced pursuant to 3664. Yes, Your Honor. The two statutes are read as one now. And if there are no further questions. I think we don't have any more questions. You used up your time, but we used up a lot of it for you. So you may have a minute restored for rebuttal if you'd like. Thank you. The two points I want to make are this. First, I think this case is unique because I don't ‑‑ there are no other reported cases nor other instances in Hawaii in which someone who's in the military is ‑‑ who is covered by the military hospital gets restitution paid in this fashion. It's a really unique factual situation, which I'd like the Court to look at. Do we allow or does the MVRA apply to the military, situations in which anyone in the military, in any country who is injured by a third party, does the MVRA come into effect? Secondly, if this Court does find that the MVRA does come into effect, then we need to look at what door that opens, which would be if this Restitution Act would apply to the state government, to veterans, the VA, to Medicaid, Medi-Cal, because all of these people, all of these entities care for people that are hurt by third parties. But why shouldn't it apply if the whole notion of restitution for bodily injury is that someone is going to have to pay the medical costs, either the victim or her insurance company or the Army hospital. Someone's going to have to pay for that. So why is that an illogical result? Well, it's not necessarily illogical, but it's an expansion of what is done today. It is expansion of what the reality is today. And I don't think the MVRA requires whenever anyone is injured that someone will pay. I think there are certain delineated circumstances which are described in the statute. Thank you. Thank you, counsel. The case just argued is submitted, and we will take it.
judges: Graber, Wardlaw, Bybee